■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS N. COLE, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: Cole and Slater were jointly tried on the third count of an indictment accusing them of the crime of grand larceny, first degree. ˙ Before trial a *Huntley* hearing was held and Slater's confession was found to have been voluntarily given. Cole, who made no incriminating statements, moved for a severance upon the ground that Slater's confession so implicated him that a joint trial would be prejudicial. It was an improvident exercise of discretion to deny the motion. Upon the trial Slater's confession was redacted to eliminate Cole's name in many places, substituting therefor an " X ". This did not sufficiently eliminate the resulting prejudice. (See *People* v. *Cole,* 26 A D 2d 896.) (Appeal from judgment of Monroe County Court convicting defendant of grand larceny first degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ RICHARD L. STREETER et al., Respondents, v. CHARLES V. JONES, Appellant.— Judgment unanimously modified on the law and facts by reducing the judgment to $1,500, dismissing the third cause of action and deleting the provision in the judgment for interest, and as modified, affirmed, without costs of this appeal to any party. Memorandum: When the court polled the jury as to its verdict on the first cause of action it unanimously affirmed that it found for the plaintiffs in the sum of $1,500. It was error to have rejected this verdict and to have required further deliberation on the first cause of action. Plaintiffs in this action for damages for defendant's breach of his agreement to purchase real property are not entitled to any recovery for alleged rental loss as claimed in the third cause of action and defendant's motion to dismiss this cause of action should have been granted. It was improper to have submitted this issue to the jury and its verdict of $675 on this cause of action should be set aside. The trial court awarded interest on the unpaid purchase money and the alleged rental value. This was erroneous and the interest so awarded should be stricken from the judgment. (Appeal from judgment of Monroe Trial Term, in favor of plaintiffs in an action for breach of contract.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ In the Matter of ROGER WILLIAM WILBER an Attorney.— Resignation from the Bar accepted and name stricken from roll of attorneys and counselors at law. All concur. Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.